UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CFN Agency, Inc., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Liberty Mutual Insurance Company, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No. ____ |

## COMPLAINT

Plaintiff CFN Agency, Inc. ("CFN") brings this complaint against Defendant Liberty Mutual Insurance Company ("Liberty") to recover damages for Liberty's bad faith breach of contract and violation of G.L. c. 93A. Since approximately 2000, CFN has earned commissions from Liberty by procuring the purchase of Liberty insurance products by its customers. For years, Liberty paid CFN these commissions pursuant to a written contract without ever requiring or requesting written proof that CFN had a contractual right to act as the representative of record for its customers. Despite this lengthy track record and notwithstanding that any sales procured through CFN are readily traceable to CFN, in late 2011 Liberty suddenly ceased paying commissions without additional evidence that CFN was the representative of record for its customers. Liberty then used its wrongfully created leverage to attempt to re-negotiate its business arrangement with CFN.

## PARTIES

1. Plaintiff CFN Agency, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business in Duluth, Georgia. CFN is an insurance

agency operated in conjunction with a proprietary web-based portal known as YouDecide.

2. Defendant Liberty Mutual Insurance Company is a multi-national insurance company headquartered in Boston, Massachusetts.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Liberty because its principal place of business is in Massachusetts.

4. This Court has subject matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) and the fact that the amount in controversy exceeds $75,000.

5. Venue in the District of Massachusetts is appropriate pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this claim occurred in Massachusetts.

## STATEMENT OF FACTS

6. CFN is an insurance agency specializing in voluntary benefits outsourcing. CFN operates in conjunction with a voluntary benefits internet property known as YouDecide.com, through which it markets insurance and benefits programs to large organizations and their members and employees. YouDecide is a proprietary web-based portal tailored to the specific needs of the client. CFN's customers are primarily Fortune 1000 companies with greater than 5,000 members and employees.

7. CFN enters into contracts with insurance carriers pursuant to which it is paid a commission upon the sale of an insurance policy to a group's member or employee.

8. CFN has had a business relationship with Liberty since approximately 1999.

9. On or about December 5, 2006, CFN and Liberty entered into the Liberty Mutual Insurance Company Affinity Marketing Agreement (the "Agreement").

10. The Agreement had an effective date of January 1, 2007 and continues in effect from year to year unless terminated by either party.

11. Attached as Exhibit A to the Agreement is a List of Groups identifying the companies with which CFN has agreements to use the YouDecide program. Each company or entity appearing on the List is called a "Group."

12. Pursuant to the Agreement, Liberty is obligated to pay CFN a percentage of the net written premium of each policy sold to Group members through the YouDecide program.

13. The List of Groups has been amended over the course of the Agreement as CFN established relationships with new Groups and existing Groups terminated their agreements with CFN.

14. The Agreement identifies certain conditions to payment of compensation, including, with respect to a specific Group, "CFN's continued designation as a representative of record" (the "ROR condition").

15. There is no requirement under the Agreement that CFN satisfy the ROR condition in writing, or that CFN satisfy the ROR condition by supplying a document signed by each Group stating that CFN is its representative of record.

16. At the outset of the Agreement, CFN compiled the List of Groups and Liberty accepted it as accurate without any independent documentation that CFN had agreements in place with each Group.

17. During the course of performance of the Agreement, as CFN secured agreements with new Groups, CFN satisfied the ROR condition by (i) verbally informing Liberty that the Group had signed an agreement to use CFN and the YouDecide program; and (ii) completing a Liberty Mutual New Client Questionnaire form, through which CFN supplied

only basic information such as the name and contact information of the Group, the number of members in the Group (including the number in Massachusetts) and whether the Group wished to have the premiums deducted from payroll.

18. Additionally, every insurance policy issued to a CFN Group member or employee is readily traceable to CFN. Most such policies are issued either through a YouDecide web portal dedicated specifically to each Group or through the YouDecide call center. Even those occasional policies procured through a Liberty broker are assigned to CFN (and compensation is paid to CFN) because the policy applicant's Group is linked to CFN through a Mass Merchant identification number or other coded information internally established and maintained by Liberty.

19. After paying CFN pursuant to the Agreement for nearly five years in accordance with the above-described practice, Liberty suddenly and without forewarning unilaterally altered the parties' practice under the Agreement. In October 2011, Liberty insisted that CFN provide written documentation from each Group on the Group's corporate stationary stating that CFN currently is the representative of record and that Liberty is a carrier offered to its members. Furthermore, Liberty informed CFN that it would cease paying compensation under the Agreement for each Group from which CFN did not procure a ROR form within 60 days.

20. Liberty followed through on this threat, and ceased paying CFN commissions for policies procured through the YouDecide program starting in or about December 2011.

21. Liberty demanded that CFN provide RORs not because it had reason to question whether CFN in fact was the representative of record for the Groups included in the Agreement. Instead, Liberty demanded written RORs signed by each Group because Liberty

was dissatisfied with the financial terms of the Agreement and desired to re-negotiate said terms.

22. Liberty stopped paying CFN compensation under the Agreement in order to gain leverage in the re-negotiations. Liberty believed that depriving CFN of critical cash flow would enhance the likelihood that CFN would agree to financial terms more beneficial to Liberty.

23. The Agreement does not permit Liberty to remove a Group without penalty for failure of CFN to supply written proof that it continues to be the representative of record. Rather, to remove a Group that continues to use CFN as a broker, the Agreement requires Liberty to continue paying commissions for a period of 10 years or pay CFN a lump sum equal to 3.5 times the removed Group's current annualized renewal policy commission. In fact, on several occasions Liberty has followed the prescribed course under the Agreement by paying CFN the "buyout" compensation upon removing a Group from the List.

24. Liberty has wrongfully withheld compensation due and owing to CFN for policies purchased by Group members using the YouDecide program.

## COUNT I
## BREACH OF CONTRACT

25. CFN restates and incorporates by reference each of the foregoing allegations as if fully set forth herein.

26. Liberty entered into a contract with CFN.

27. Pursuant to the contract, Liberty agreed to pay CFN the compensation set forth therein .

28. CFN fully and diligently performed its obligations under the contract.

29. Liberty has breached, and continues to breach, the contract by failing to pay CFN

the required compensation, despite repeated demand.

30.     CFN is entitled to damages, together with attorneys' fees, interest and costs, in an amount to be determined at trial.

## COUNT II
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31.     CFN restates and incorporates by reference each of the foregoing allegations as if fully set forth herein.

32.     CFN and Liberty are parties to a contract. The contract contains within it an implied covenant of good faith and fair dealing.

33.     Liberty had a duty of good faith and fair dealing, requiring it to act in such a manner so as not to deny CFN the fruits and benefits of the contract.

34.     Through the conduct described herein, Liberty has acted unreasonably and in bad faith in breach of the duty of good faith and fair dealing.

35.     CFN is entitled to damages, together with attorneys' fees, interest and costs, in an amount to be determined at trial.

## COUNT III
## UNJUST ENRICHMENT/QUANTUM MERUIT

36.     CFN restates and incorporates by reference each of the foregoing allegations as if fully set forth herein.

37.     CFN conferred significant benefits upon Liberty through mass marketing and support services rendered on its behalf and in furtherance of the procurement of Liberty policies. These benefits were conferred at the expense of and to the detriment of CFN's interests.

38.     Liberty knowingly received, accepted and benefitted, and continues to receive,

accept and benefit, from CFN's services, for which it has not paid.

39. CFN is entitled to recover from Liberty the value of its services, in an amount to be determined at trial.

## COUNT IV
## VIOLATION OF G.L. c. 93A

40. CFN restates and incorporates by reference each of the foregoing allegations as if fully set forth herein.

41. Liberty is engaged in trade or commerce within the meaning of G.L. c. 93A.

42. Through the conduct described above, Liberty engaged in unfair and deceptive conduct, in violation of G.L. c. 93A.

43. The misconduct occurred primarily and substantially in Massachusetts.

44. As a direct and proximate result of Liberty's unfair and/or deceptive conduct, CFN has suffered damages in an amount to be determined at trial.

45. Liberty's violation of Chapter 93A was knowing and willful, as a result of which CFN is entitled to treble damages.

46. CFN is entitled to attorneys' fees, interest and costs.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff CFN Agency, Inc. respectfully requests that the Court:

a. Enter judgment in its favor on each of its claims;

b. Award it damages on each claim in an amount to be determined at trial;

c. Award it attorneys' fees, interest and costs pursuant to the contract or as otherwise permitted by law; and

d. Award it multiple damages and attorneys' fees pursuant to G.L. c. 93A;

e. Award it interest and costs as provided by law; and

f.  Grant it such other relief as is just or appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNTS SO TRIABLE.**

Respectfully submitted,

CFN AGENCY, INC.

By its attorneys,


/s/ David B. Mack
David B. Mack (BBO # 631108)
dmack@ocmlaw.net
Tara J. Myslinski (BBO # 644936)
tmyslinski@ocmlaw.net
O'Connor, Carnathan and Mack LLC
Landmark One
One Van de Graaff Drive, Suite 104
Burlington, Massachusetts 01803
Tel. 781-359-9000

November 8, 2012

4829-3594-7281, v. 2